**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Erol Baral,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-05007-PHX-JCH

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 on July 17, 2026. On July 27, 2026, Respondents filed their response indicating they did not oppose Petitioner's release. (Doc. 8.) On July 28, 2026, the Court granted Petitioner's Petition for Writ of Habeas Corpus upon Respondents' concession and ordered Petitioner's immediate release from custody "under the same conditions that existed before his detention." (Doc. 10.) Respondents released Petitioner from custody on July 28, 2026. On August 1, 2026, Petitioner filed a Motion to Enforce, arguing that while Respondents released Petitioner from custody, they imposed additional conditions of release that did not exist prior to his current detention. (Doc. 12.)

In their response, Respondents acknowledge they did not oppose the Petition and, as a result, Petitioner was ordered released. Respondents nevertheless maintain that "[p]ursuant to General Order 26-09, Respondents then had two (2) calendar days to release the Petitioner, however the General Order does not include any restrictions on the release of the Petitioner. On the same day the response not opposing the habeas petition was filed,

undersigned counsel forwarded the non-opposition to Immigration and Customs Enforcement who began processing Petitioner for release on July 27, 2026, pursuant to the General Order." (Doc. 14 (citing Doc. 4 ¶ 8).) Respondents further argue that "[a]lthough this Court's Order included language regarding the conditions of release, it was issued to the parties after the deadline imposed by the General Order and the Petitioner was already released. Respondents complied with the requirements of release of the order in effect at the time of release, which contained no language regarding conditions of release." (Doc. 14.)

Respondents are mistaken. Respondents cite no authority for the proposition that the General Order's silence regarding release conditions implicitly authorizes them to impose any conditions they choose and the Court is aware of none. In any event, even if they were correct, Respondents' belief that they need not comply with a subsequently filed order is startling. *See Maness v. Meyers*, 419 U.S. 449, 458–59 (1975) ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal."). Respondents must therefore immediately rescind any conditions that did not exist prior to Petitioner's most recent detention.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Enforce (Doc. 12) is **granted**.

**IT IS FURTHER ORDERED** that Respondents must **immediately rescind** any conditions of release that did not exist prior to Petitioner's most recent detention.

**IT IS FURTHER ORDERED** that Respondents must file a Notice of Compliance **within three days** confirming the conditions have been rescinded.

Dated this 4th day of September, 2026.

John C. Hinderaker
United States District Judge